## GENERAL COURT, MAY TERM, 1799.

### HOWARD *vs.* CROMWELL.

EJECTMENT for three tracts of land, the one called *Howard's Inheritance Resurveyed,* another called *Water Oak Ridge,* and the third called *Roseland,* all lying in Baltimore county.

The plaintiff, to make title to *Water Oak Ridge,* offered in evidence a common warrant issued to *Cornelius Howard,* father of the lessor of the plaintiff, dated the 4th of August 1752; a certificate of survey in virtue of the said warrant made the 30th of January 1753, and a patent on the said certificate, dated the 6th of March 1753.

The defendant took defence for a tract of land called *Wester Ogle;* and to make out his title, offered evidence of a special warrant of resurvey, dated the 28th of November 1751, in the name of *John Medcalf,* which was

MAY 1799.

Howard
vs.
Cromwell.

renewed the 13th of May 1752; and also renewed the 18th of November 1752, for six months longer. A certificate of survey made the 20th of January 1753, caveated by *Cornelius Howard* on the 21st of April 1753, caveat over-, ruled on the 17th of August 1753, and patent ordered to, issue. The certificate was assigned by *Medcalf* to *William Lyon*, on the 6th of August 1753, and a patent issued to *Lyon* on the 8th of February 1754. The composition money paid on the 28th of September 1753. The warrant of resurvey had issued on a tract called *Rich Level* or *Medcalf's Addition.* The patent was for *Wester Ogle.*

The plaintiff also offered evidence, that the patent last mentioned comprehended within its lines vacant land not contiguous to *Rich Level*, or *Medcalf's Addition*, but which, though vacant, was separated from them by tracts of land granted before the issuing of the warrant of resurvey aforesaid, and that the said certificate or patent of *Wester Ogle* crossed the said elder surveys, to include the vacancy included in the patent of *Water Oak Ridge*, the land granted to *Howard.*

The defendant prayed the direction of the court to the jury, that the title of the defendant to *Wester Ogle* aforesaid, and all land vacant at the time of the execution of the warrant aforesaid, and included within the lines and boundaries thereof, commenced from the 20th of January 1753, so as to have a priority of title to the same vacancy, which was included in *Water Oak Ridge.*

*Winchester*, for the defendant. When a patent issues it gives title from the date of the certificate. This is admitted to be the general rule of law. The question then is, whether the particular circumstances of this case will prevent the relation of the patent back to the date of the certificate. The rule of law does not depend on the principles of relation, but is a general rule which operates on all conveyances, and is not confined to patents. The location of the warrant is the substantial part of the agreement between the state and the individual; it designates the land sold and purchased; gives priority, and is superior in equity. The patent issues on the certificate returned, as a matter of course, and its date is not material. A special warrant is in its nature a location of the land; but a common warrant is not. The certificate is the important part of the contract. The rules of the land office have fluctuated and varied; they have at times been dispensed with. The plaintiff's certificate laid only two months in the office before a grant issued. The reason of the rule of relation was not to protect equitable titles; the rule was made to prevent mesne conveyances, litigation, and the running into el-

der surveys, and taking up land not patented. All contiguous vacancy must be affected by a special warrant of resurvey, which operates as a location of the land taken up, especially if notice to the adverse party can be presumed. The plaintiff's counsel contend, that we shall not cross an elder survey to take up vacancy. The rule is not to run within the lines of an elder survey. The infringement of this rule affects *Water Oak Ridge* as much as *Wester Ogle*. Relation is founded on fiction, and where a third person is interested, evidence may be produced to establish a fact which will make it necessary to disregard the fiction. For instance, though the signing of the judgment relates back to the first day of the term, evidence may be given of the particular day on which the judgment was rendered. So in the case of a *Latitat*, the real day of issuing it may be averred. The rule of relation, as it respects conveyances, is founded in equity. The court of equity looks to the substance. An equitable title to land is not to be burthened with future liens. The time of paying the composition money cannot be material; the first payment will not prevent the relation. A contract on credit is not less equitable than a contract for cash. In cases of presentation and induction, the title commences from the presentation, and not the induction—Sir *W. Jones*, 425, 428. Where there are divers concurring acts, the last act shall relate to the first to complete a conveyance. As in the case of a feoffment of one acre, with an election in the feoffee to fix on the particular acre, when the acre is designated there will be relation back to the time of the feoffment. So at common law, a feoffment gave no title without a livery of seisin; but when livery was made, it had relation back to the date of the feoffment. Livery is a ceremony to complete the conveyance. There is no rule better founded than this, that when all the forms and ceremonies are completed, they are to be taken together as one act, and must relate to the first substantial part of the contract—*5 Burr.* 2786–7. The king's grant binds from the date, because it commences *ab initio*, without any further ceremony to complete it—*Hob.* 220, 222. In this case the patent gives title to the land from the date of the certificate of survey. Who was to be protected by the rule which prohibits the running within the lines of an elder survey? Not the government, nor a third person; it was to protect the right of the person owning the warrant; to prevent mesne surveys which would be the cause of endless disputes and litigation. Thirty years have elapsed since the investigation of the equity of this case. The argument *ab inconvenienti* will have great influence. If the

principle of relation is not supported, great inconvenience will result from inquiries of this nature. A person having a warrant of resurvey may take up vacancies contiguous to any part of his land.

*Key*, for the plaintiff. Relation is a fiction of law invented for the furtherance of justice. A writ issued in vacation is tested the first day of the last term; but it may be contradicted, and the true time of its issuing be shewn—*Cowp.* 177. 2 *Burr.* 968. As to other instances of relation he cited 2 *Burr.* 1134. 3 *Burr.* 1243. 4 *Burr.* 1961. 5 *Burr.* 2783. 1 *Salk.* 185. The plaintiff's title was complete before the assignment of the certificate was made to *Lyon.* A special warrant is an inception of the contract. It was in the year 1768 when the rule was introduced that certificates must be six months in the office before a grant can issue thereon. A common warrant located has the preference to a special warrant issued afterwards. The defendant's certificate was not returned to the land office when the plaintiff's patent issued. If two equities are equal, the prior equity shall prevail; purchasers without notice, for a valuable consideration, and having the prior legal title, shall have the preference. Where there has been a lease for five years, and afterwards a release, the release shall not have relation to the date of the lease to defeat any mesne conveyance. Relation comes in aid of equity. Admits the doctrine of relation, where several acts are necessary to complete a conveyance, as in the case of feoffment and livery of seisin. Also admits relation between the proprietary and the grantee, but not as to a third person. Relation is complete between the parties, but not between third persons. In the cases cited, a legal estate was first created, and the relation is not to an incipient contract. Induction relates to the presentation to vest a right to tithes, and to invest with a legitimate power.

*Martin*, (Attorney General,) on the same side. The general principle as to relation is admitted, but it does not apply to this case. It was adopted to prevent the necessity of applying to the court of chancery, where the eldest certificate had been returned. The plaintiff has the oldest legal title with superior equity. *Lyon* never had any equity, for *Howard* had paid for the land, and, obtained a patent, before *Lyon* had paid, or before the assignment of the certificate was made to him. *Lyon's* contract with the state, under the warrant of resurvey and certificate, was to correct error, throw out land running foul of elder surveys, and to take up vacancy which lay contiguous; and if there were intermediate granted lands which in-

tercepted him, he could not cross over such land to take up vacancy, for he had not contracted for such vacant land. In this case there was intervening land. The warrant to *Medcalf* was a special warrant to take up contiguous vacancy, and could be located only on contiguous vacancy. A special warrant of resurvey is not an authority to take up any but *contiguous* vacancy. A warrant is a constructive notice to all persons, and whilst it is in force every person must be presumed to have notice. If in this case the defendant is allowed to run through an elder tract to take up the land, for which we have a prior title, then a special warrant of resurvey would have the effect to operate on all the vacant land in the state. A special warrant cannot have a priority over a common warrant, as it respects any vacancy not contiguous to the land on which the resurvey is made. There was no contract between the proprietary and *Lyon* as to vacancy not contiguous, before the composition money was paid. And if the certificate to *Medcalf* was returned before the grant to *Howard* issued, it could not affect the plaintiff's case, as the composition money was not paid. *Howard* obtained his grant before *Lyon* paid the composition money. Nothing but an equitable interest passes till the patent issues. The cases cited do not apply to the case of an equitable title converted into a legal estate. As to the case of the enrolment of a deed of bargain and sale having relation to the date of the deed, the bargain and sale is the legal conveyance, and the enrolment is a mere ceremony; so it is with livery of seisin in case of feoffment. But the patent itself is the legal conveyance. If the warrant and certificate are legal titles, and the issuing of the grant is not a ceremony, then the cases cited by the defendant's counsel do not apply. When a legal interest has been once conveyed, the party making the conveyance cannot convey to another a legal estate in the same property. The proprietary having once granted, he had nothing left to grant to another.

The principle of relation can only rest on equitable grounds, and is established for the purposes of justice. The caveat having been decided the one way or the other, can have no influence on the case.

CHASE, Ch. J. delivered the opinion of the court:

The principle, or rule of relation of the grant to the certificate, was established on the ground. that the person who had the first certificate had an equitable title to the land contained therein, and was allowed for the sake of justice, and to prevent the party from going into chan-

MAY 1799.

Howard
vs.
Cromwell.

cery to vacate the prior grant, and to have the legal estate united with the equitable interest.

The court are of opinion, that *Medcalf*, by his special warrant of resurvey, acquired an equitable interest in the contiguous vacancy to the lands to be resurveyed, and that as to such vacancy, the patent to *William Lyon*, to whom *Medcalf's* certificate had been assigned, would relate to the date of the certificate returned on the warrant; but that in virtue of his special warrant he could not cross an elder survey, and include vacant land patented to *Cornelius Howard.*

The defendant's counsel prepared a bill of exceptions; and the court, on the defendant's prayer, refused to give the direction prayed, but gave the following opinion and direction to the jury:

"The court are of opinion, that *John Medcalf*, by his special warrant of resurvey on the lands therein mentioned, acquired an equitable interest in the vacant lands *contiguous thereto,* from the date of the said warrant, and that the patent which issued to *William Lyon,* to whom the said *Medcalf* had assigned his certificate on the said warrant, would relate to the date of the said certificate, *as to such adjoining or contiguous vacancy,* and not to give title to any vacant land separated by an elder survey, and included in the patent of *Water Oak Ridge.*"

On motion of the defendant's counsel, leave was given to withdraw a juror for the purpose of amending the plots.

A JUROR WITHDRAWN, &c.